DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
Proposed Counsel for the Debtor
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

KNOWLEDGE STRATEGY SOLUTIONS, LLC,        Chapter 11
                                          Case No. 15-23105

                        Debtor.
----------------------------------------------------------------X

### DECLARATION OF ANNE KERSHAW PURSUANT TO LOCAL RULE 1007-2

ANNE KERSHAW, being duly sworn, deposes and says:

1.   I am the Manager and Senior Director of Knowledge Strategy Solutions, LLC (the "Debtor") and I submit this declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.  I am an attorney, admitted to the New York State bar since 1988, and I am nationally recognized in electronic discovery and information governance.  A copy of my biography is annexed as **Exhibit "A"**.

### BACKGROUND

2.   The Debtor was originally incorporated in Missouri, with its principal place of business at 161 Grove Street, Tarrytown, New York, pursuant to an April 10, 2013 Operating Agreement entered into by my professional corporation, A. Kershaw, PC ("Kershaw"), and a professional corporation owned by Shannon Spangler, named Shannon L. Spangler, PC, ("Spangler").  Shannon Spangler is a lawyer and former partner at Shook Hardy Bacon, LLP, who I met when she moved into an in-house position managing litigation support services for one

1

of my clients, Altria and Philip Morris in Richmond, Virginia.

3.  Spangler left Altria in 2012, and in 2013 she invited me to join forces with her, through our respective professional corporations, and evolve A. Kershaw, P.C. into a larger business focused more on information governance and knowledge strategy. I agreed, provided that Spangler took responsibility for all work and costs associated with the start of the new business, including the creation of the website.

4.  Throughout the summer of 2013, I migrated my then existing clientele to the Debtor's business while Spangler developed the website and other marketing materials. Spangler and I commenced work on client projects as they became available, with each of us taking our share of earnings at the end of each month. Spangler and her husband, Michael Spangler, handled all of the accounting for the Debtor.

5.  On April 29, 2014 Spangler told me that she could no longer work because of a preexisting medical condition that interfered with her vision. On May 11, 2014 she submitted a Notice of Withdrawal pursuant to the Operating Agreement, setting June 11, 2014 as her date of withdrawal unless otherwise agreed by the parties.

6.  Pursuant to the terms of the Operating Agreement, I elected to continue rather than dissolve the Debtor and in late June 2014, I closed the Debtor's Missouri LLC filing in favor of incorporation in New York.

**Events Leading to Chapter 11**

7.  In early August 2014, Spangler sued the Debtor and A. Kershaw, PC, in Jackson County, Missouri (the "Jackson County Lawsuit"), claiming entitlement to Debtor's earnings and assets, despite her withdrawal from the business, under baseless claims that Debtor's incorporation in New York caused a dissolution of the Debtor, that the Debtor and its sole member, A. Kershaw P.C., had

wrongfully transferred Debtor's assets, that the Debtor and its sole member, A. Kershaw P.C., had breached the Debtor's Operating Agreement and their fiduciary duties, and for appointment of a receiver.

8. The Debtor filed a motion to compel arbitration pursuant to the arbitration clause in the Debtor Operating Agreement. The Jackson County court referred three of Spangler's claims to JAMS arbitration, retaining the remaining claims in the Jackson County court.

9. Accordingly, Spangler's claims for return of Debtor capital, breach of contract, and breach of fiduciary duty are proceeding in a JAMS arbitration. The Debtor has counterclaimed against Spangler in the arbitration for mismanagement and breach of the Operating Agreement's non-compete clause and arbitration mandate. The arbitration of these claims is set to commence on September 28, 2015.

10. Spangler's claim for compensation (i.e., draws) from the Debtor, tortious interference of contract, and for appointment of a receiver are proceeding in the Jackson County, Missouri state court, with a hearing set for Spangler's motion for appointment of a receiver set for August 21, 2015. The Debtor has counterclaimed for fraud in the Jackson County action, based on Spangler's admission at her deposition that she intentionally failed to disclose to me her pre-existing, debilitating and ongoing medical condition at the time she entered into the Operating Agreement.

11. The Jackson County Lawsuit has been an enormous drain on Debtor's resources, both in terms of time and money. I am the principal source of income and business development for the Debtor and my time has been consumed over the last year in defending the Jackson County Lawsuit. In addition, in order to service then existing client projects in light of Spangler's sudden departure, I had to hire a full-time associate, costing $150,000 per annum. This associate was also tasked to work on business development, but unfortunately no new business has emerged from his

3

efforts.

12. In addition, the Jackson County Lawsuit has caused the Debtor to lose clients. In the Jackson County Lawsuit, Spangler and her counsel, publicly and falsely accused me, A. Kershaw, PC, and the Debtor of wrongfully transferring assets – asserting in public motion filings that I have "pillaged" the Debtor and essentially stolen assets and committed crimes. I believe that this is the principal reason why the Debtor has not had a new client engagement since January 2015 and no new client projects are on the horizon. Simply stated, the Jackson County Lawsuit has practically put the Debtor out of business.

13. The Debtor intends to utilize the Chapter 11 process to restore it reputation and rehabilitate its position in the industry and restore its business volume, which has been so badly damaged by the litigious actions of Spangler and her counsel.

14. Through the Chapter 11 process, the Debtor will effectually seek the judication of the Spangler claims, together with all other creditor claims in one efficiently administered proceeding so that it may emerge successfully as a rehabilitated and reorganized Debtor.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

15. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

16. The Debtor is located at 161 Grove Street, Tarrytown, NY 10591.

**Local Rule 1007-2(a)(2)**

17. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

4

**Local Rule 1007-2(a)(3)**

18. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

19. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Exhibit "B".**

**Local Rule 1007-2(a)(5)**

20. The Debtor does not have any secured creditors.

**Local Rule 1007-2(a)(6)**

21. A balance sheet will be filed separately pursuant to the requirements of a small business debtor set forth in 11 U.S.C. §1116.

**Local Rule 1007-2(a)(7)**

22. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

23. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

24. The Debtor is located at 161 Grove Street, Tarrytown, NY 10591. It does not have a written lease.

**Local Rule 1007-2(a)(10)**

25. The Debtor's assets and records are located at its principal place of business at 161 Grove Street, Tarrytown, NY 1059.

5

**Local Rule 1007-2(a)(11)**

26. There is one action pending against the Debtor: SHANNON L. SPANGLER, P.C. V A. KERSHAW, P.C. ET AL, Jackson County - Kansas City – Civil 1416-CV18812

**Local Rule 1007-2(a)(12)**

27. The Debtor's senior management consists of Anne Kershaw and Clifford Berger.

**Local Rule 1007-2(b)(1) and (2)**

28. The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is $17,000.00.

29. The Debtor's estimated compensation to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $55,000.00.

**Local Rule 1007-2(b) (3)**

30. The Debtor estimates that it will break even in the 180 day period following the filing of the chapter 11 petition. A 30-day budget pursuant to the requirements of a small business debtor set forth in 11 U.S.C. §1116 is annexed hereto as **Exhibit "C"**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

By: */s/ Anne Kershaw*
    Anne Kershaw,
    Manager and Senior Director

6

**Exhibit "A"**



## Anne Kershaw, Esq.
## Knowledge Strategy Solutions, LLC®
Dedicated to finding **simple solutions** for organizations confronting complex data management, information governance and knowledge strategy challenges.

As owner and managing director of Knowledge Strategy Solutions, LLC®, Anne Kershaw continues and further builds upon the substantial consulting practice she developed under A. Kershaw, PC//Attorneys & Consultants, particularly in the areas of legacy data management and disposition and the development of sensible, cost-effective business records management programs that actually work. Anne also serves as a testifying and consulting expert, defending or challenging e-discovery processes and dispositions of accumulated legacy data. As an attorney and a nationally recognized data, litigation, and business records consultant, Anne provides independent analysis and innovative recommendations for the management and e-discovery of legacy and active data, including backup tapes, file shares, email and archives. She has provided advice and solutions for managing discovery, saving her clients millions of dollars in some of the nation's largest litigations, including the tobacco litigation, repetitive stress litigation, securities fraud litigations, product liability MDLs, wage and hours class actions, anti-trust investigations/litigations, insurance antitrust MDLs, and investment fraud claims. Her practice includes the design and implementation of protocols for the preservation and collection of data for discovery and the execution of data management and disposition recommendations. Anne also vets data search and review technologies, educates outside counsel on electronic discovery issues, manages vendor selection, and conducts benchmarking surveys for legislative and judicial consideration. A list of some of the firm's clients is included on www.KnowledgeStrategySolutions.com (with client permission).

Anne Kershaw has been involved with high tech litigation management since 1993, taking management roles on national coordinating and trial counsel teams defending volume, multi-state, product liability claims. Ms. Kershaw is also co-founder of the non-profit E-Discovery Institute, where she served as President from 2006-2012. In addition, Ms. Kershaw is a Faculty Member of Columbia University's Executive Master of Science in Information and Knowledge Strategy, was a faculty member of Georgetown University's E-Discovery Academy and is currently an Advisory Board Member of Georgetown University Law Center's Advanced E-Discovery Institute, the non-profit Corporate Knowledge Strategies (CKS) group, and the Suffolk/Flaherty Legal Tech Audit: Law School Edition. She is also a member of the Board of Directors for the Data Law Initiative at the Benjamin N. Cardozo School of Law. Ms. Kershaw is a frequent lecturer and in March 2007, she joined Supreme Court Justice Stephen Breyer and Harvard Law Professor Arthur Miller at Georgetown's Thought Leadership Summit. In 2010, 2011 and 2014 she conducted workshops on electronic discovery at the Federal Judicial Center's conferences for U.S. Magistrate Judges. She is also the author of numerous published articles, all posted on www.KnowledgeStrategySolutions.com, and is a member of the Sedona Conference® Working Group on Best Practices for Electronic Document Retention and Production, the Association of Records Management, and the National Association of Women Lawyers. Ms. Kershaw is also a member of the ABA Woman Advocate Committee and co-chairs the ABA's E-Discovery and Litigation Technology Committee for the Corporate Counsel Litigation Section Committee.

Ms. Kershaw is a 1987 graduate, *cum laude*, of New York Law School (evening division) and a 1982 graduate of Bard College. She is admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York, United States District Court for the District of New Jersey, United States Court of Appeals for the Second, Third, and Ninth Circuits, United States Supreme Court, and all New York State Courts. Ms. Kershaw has an AV+ rating in Martindale Hubbell.

**Exhibit "B"**

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re   Knowledge Strategy Solutions LLC                                   Case No.
                                    Debtor(s)                              Chapter   11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) *Name of creditor and complete mailing address including zip code* | (2) *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3) *Nature of claim (trade debt, bank loan, government contract, etc.)* | (4) *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5) *Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Brian Seward | Brian Seward | Pre-Petition Wages | | 12,916.67 |
| A. Kershaw P.C<br>161 Grove Street<br>Tarrytown, NY 10591 | A. Kershaw P.C<br>161 Grove Street<br>Tarrytown, NY 10591 | Consulting Fee | | 4,602.00 |
| Chase Bank<br>Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886-5153 | Chase Bank<br>Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886-5153 | Credit Card | | 2,416.00 |
| American Express | American Express | Credit Card | | 1,784.00 |
| Shannon L. Spangler, PC<br>70-3a Sunrise Ridge Drive<br>Sunrise Beach, MO 65079 | Shannon L. Spangler, PC<br>70-3a Sunrise Ridge Drive<br>Sunrise Beach, MO 65079 | Lawsuit commenced 2014 | Contingent<br>Unliquidated<br>Disputed | Unknown |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   August 3, 2015                                     Signature   /s/ Anne Kershaw
                                                                       Anne Kershaw
                                                                       Manager

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**Exhibit "C"**

# Knowledge Strategy Solutions
# Profit and Loss
### July 2015

| | | Total |
|---|---:|---:|
| Income | | 62,000.00 |
| **Expenses** | | |
| 5010 Payroll | | 15,712.67 |
| 5011 Payroll Taxes | | 1,202.01 |
| 5111 Workmen's Compensation | | 247.00 |
| 5313 Telephone/Communications | | 127.21 |
| 5320 Software Licenses | | 947.47 |
| 5350 Legal Expenses | | |
| 5351 Professional Fees, Akershaw, PC & Cliff Berger | | 55,000.00 |
| 5510 Travel & Related Expense ? Non-client Chargeable | | 2,784.28 |
| 5516 Advertising/Promotional | | 203.81 |
| 5620 Professional Dues & CLE | | 90.00 |
| 5710 Promotion, Marketing & Advertising | | 292.23 |
| Employee Business Expenses | | 72.68 |
| Payroll Expenses | | 110.60 |
| Statutory Disability Insurance | | 131.52 |
| **Total Expenses** | $ | 76,921.48 |
| | | |
| Profit/Loss | -$ | 14,921.48 |

Monday, Aug 03, 2015 03:05:07 PM PDT GMT-4 - Cash Basis